**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**
        Plaintiff,

v.                             **Case No. 8:16-cr-00262-CEH-MAP**

**JESUS DOMINGO QUINONES,**
        Defendant.
_____/

### SENTENCING MEMORANDUM OF THE DEFENDANT, JESUS DOMINGO QUINONES

COMES NOW Defendant, **JESUS DOMINGO QUINONES**, by and through undersigned counsel, and hereby submits the following memorandum of law, for consideration by the Court at sentencing for this matter:

### SENTENCING MEMORANDUM

Pursuant to 18 U.S.C. §3553 and *U.S. v. Booker,* 125 S.Ct. 738 (2005), the Defendant requests the Court to depart from the Guidelines, grant a two-level reduction based on his minor role, and sentence him to the low-end of Level 31 which provides for 108 months incarceration.

### I.  Minor Role Reduction

Pursuant to U.S.S.G. §3B1.2(b), Defendant Quinones should qualify for a two-level reduction in his sentence as a minor participant because his participation was limited in scope and his involvement was less than other co-conspirators. A minor participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not described as minimal." U.S.S.G. §3B1.2(b), Comment n.5. U.S.S.G. §3B1.2(b) provides that a Defendant who is a minor participant in a criminal activity is permitted to receive a two (2)-level reduction in his guidelines calculation. Application Note 3(A) <u>Applicability of Adjustment</u>, of the U.S.S.G. handbook states: [a] Defendant who is accountable under 1B1.3 (relevant conduct) only for the conduct in which the

1

Defendant personally was involved and who performs *a limited function* in concerted criminal activity *is not precluded* from consideration for an adjustment under this guideline. (emphasis added)

In determining the Defendant's role in the offense, a sentencing court must assess all the facts probative of the defendant's role in his relevant conduct in evaluating the defendant's role in the offense. *US v. Rodriguez DeVaron,* 175 F.3d 930, 943 (11th Cir. 1999) Accordingly, the court must first consider "the defendant's role in the relevant conduct for which he has been held accountable at sentencing, and, second, his role as compared to that of other participants in his relevant conduct." *Id.* at 940. Examples of relevant factors to be considered include the amount of drugs, fair market value of the drugs, amount of payment the defendant expected to receive, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution. *Id.* at 945. This determination is highly fact sensitive, and no one factor is more important than the others. *Id.*

Based on *DeVaron,* the Sentencing Commission adopted the notion that 3B1.2 does not automatically preclude a defendant from being considered for a mitigating role adjustment in a case in which the defendant is held accountable under §1B1.3. *See* U.S.S.G. App. C, Amend. 635. "In considering a §3B1.2 adjustment, a court must measure the defendant's role against the relevant conduct for which the defendant is held accountable at sentencing . . ." U.S.S.G. App. C, Amend. 635, Reason for Amendment. Accordingly, the Commission added the following to §3B1.2, Application Note 3(C):

> "In determining whether [a defendant warrants a minimal or minor participant] or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> i.  the degree to which the defendant understood the scope and structure of the criminal activity;
>
> ii. the degree to which the defendant participated in planning or organizing the criminal activity;

2

      iii.  the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

      iv.  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and

      v.  the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

In the recent 11th Circuit decision of *US v. Cruickshank,* No. 14-13754 (11th Cir. September 20, 2016), the sentencing court concluded that based on the substantial amount and purity of cocaine transported, no one participant could be considered as having a minor role. Thus, the court declined to grant the adjustment under 3B1.2 for defendant Cruickshank. On appeal, the Court began it's analysis with *DeVaron.* The Court recognized that the amount of drugs "may be dispositive – in and of itself – in the extreme case," explaining that such factor may only be determinative in situations where the amount of drugs in a courier's possession may be large enough or small enough that it would be the best indication of the magnitude of the courier's participation in the criminal enterprise. *Id.* at 21. The Court remanded for resentencing, finding that the amount of drugs was <u>not</u> dispositive in this case, "to the contrary, he did not load the drugs on the vessel, reconstruct the vessel, fuel the vessel, attend the planning meetings for the trip, or otherwise appear to have any role concerning the quantity of drugs aboard." *Id.* at 21, footnote 1.

In the present case, the sum total of Defendant's involvement demonstrates that he was a mariner on a small boat, and merely assisted co-Defendant Jose Washington Gomez-Quinonez as a deck-hand. The Defendant never exercised decision-making authority or influenced the exercise of decision-making authority. The Defendant did not organize, direct, guard, package, prepare, possess, or have any control over the narcotics during any of the events. The Defendant did not plan or organize

the activity, did not handle any money or cocaine, did not operate the boat, did not distribute or sell the drugs, nor did he receive a substantial percentage of the profits from the transaction. As stated in §3B1.2, Application Note 3(C), the defendant did not have a proprietary interest in the criminal activity and was simply being paid to perform certain tasks. As such, he should receive a two-level reduction for his minor role participation.

## II.  Acceptance of Responsibility

The Defendant was the first in this case to cooperate with the government, and began cooperation in a timely manner after his arrest. The Defendant acknowledged his wrongdoing in the present case, and notified the Court of his intent to plea, which saved the government the expense and resources of preparing for a trial on this matter. As such, Mr. Quinones requests the third level/point reduction as in U.S.S.G. §3E1.1(a) and (b) pursuant to government motion and the PSIR recommendations asserted in Paragraphs 25 and 26.

## III. Personal and Family Characteristics

The Defendant adopts the facts as asserted in the personal and family data in the PSIR. As explained in Paragraph 16 of the PSR, the Defendant was motivated to commit the instant offense based on the devastation resulting from the April 2016 earthquake in Ecuador. The earthquake hit the northern coast of Ecuador, including the area of Esmeralda, where the Defendant and his family resided. This disaster killed approximately 655 people, injured 12,492, displaced 25,376 from their homes, and damaged thousands of structures. The Defendant explained that his family home was substantially damaged by the earthquake when an interior wall of the home crumbled. The Defendant was solely responsible for the significant costs to repair this damage. As stated in the PSR, the Defendant committed this offense solely based on his need to "provide a better home" for his family.

4

## IV. <u>Low-End Sentence</u>

The Defendant respectfully requests that based upon the totality of the circumstances in this case that he sentenced at the low end of the guidelines. It is not expected the Government would object to a sentence at the low end of the Advisory Guidelines.

### <u>SENTENCING RECOMMENDATIONS</u>

The Defendant wishes to serve his sentence of incarceration at McRae Correctional Facility, in Helena, GA. The Defendant also wishes to participate in any educational programs while incarcerated, so that he may learn the English language and earn his GED during incarceration. In addition, the Defendant hopes to participate in the UNICOR program to obtain vocational training in business, mechanics, or culinary arts, allowing him to secure employment upon release.

### <u>CONCLUSION</u>

The Defendant respectfully requests this Honorable Court will find that he qualifies for a two-level reduction based on his minor participation in the overall conspiracy present in this case. The Defendant also requests this Honorable Court to sentence him at the low-end of the imprisonment range for Level 31, at 108 months incarceration. Lastly, the Defendant respectfully requests this Court to consider his personal characteristics and living conditions in determining an appropriate sentence for this matter, while honoring the sentencing recommendations set forth in this memorandum in anticipation of his sentencing hearing on October 19, 2015, at 9:30 a.m.

Respectfully submitted,

Law Offices of Charles M. Britt, III
546 12th Street West
Bradenton, Florida 34205
O: (941) 747-4440
F:  (941) 744-2873
CharlesBrittatty@aol.com

By:  *s/ Charles M. Britt, III*
Charles M. Britt, III, Esq.
Florida Bar No. 0017944

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of September, 2016, a true and correct copy of

the foregoing was furnished by the CM/ECF system with the Clerk of Court, which will send a notice

electronically to the Office of the Assistant United States Attorney.


By:  *s/ Charles M. Britt, III*
Charles M. Britt, III, Es
Florida Bar No. 0017944